# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## JEFFERY YATES v. STATE OF TENNESSEE, TOMMY MILLS, WARDEN

**Direct Appeal from the Circuit Court for Lake County**
**No. 07-CR-9086-HC      R. Lee Moore, Jr., Judge**

---

**No. W2007-02868-CCA-R3-HC  - Filed August 27, 2008**

---

The Petitioner, Jeffery Yates, appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. We conclude that the State's motion is meritorious.  Accordingly, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which J. C. MCLIN and CAMILLE R. MCMULLEN, JJ., joined.

Jeffery D. Yates, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Michael Moore, Solicitor General; J. Ross Dyer, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

In 2003, the Petitioner, Jeffrey Yates, was convicted of aggravated robbery resulting from an incident occurring in 2001. *See State v. Jeffrey Yates*, No. W2003-02422-CCA-MR3-CD (Tenn. Crim. App., at Jackson, July 21, 2005), *perm. to appeal denied,* (Tenn., Dec. 19, 2005).  For this offense, the Petitioner received a thirty-year sentence as a range III career offender.  This Court affirmed the Petitioner's judgment of conviction and resulting sentence on direct appeal. *Id.*  Prior to this conviction and sentence, the Petitioner had been convicted in 1993 of criminal attempt to

commit aggravated robbery, especially aggravated kidnapping, and aggravated kidnapping. For these 1993 convictions, the Petitioner received an effective sentence of eighteen years incarceration. In 1994, the Petitioner was convicted of aggravated assault, two counts of unlawful possession of cocaine with intent to sell, and four counts of aggravated assault. For these 1994 convictions, the Petitioner received an effective sentence of ten years incarceration.

On November 14, 2007, the Petitioner filed, in the Lake County Circuit Court, a petition for habeas corpus relief. As grounds for relief, the Petitioner alleged that the 1994 convictions used to enhance his status to that of a career offender were void. Specifically, the Petitioner argued that, since he was released on bail when he committed the crimes leading to these 1994 convictions, the sentences for the 1994 convictions should have been served consecutively to the 1993 convictions. By order entered December 10, 2007, the lower court denied habeas corpus relief.

The State has filed a motion requesting that this Court affirm the lower court's denial of relief pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. The State asserts that the Petitioner has completed service of all of the sentences from his 1994 convictions, and, therefore, is not under restraint by those sentences. In this regard, the State contends that the Petitioner is not entitled to habeas corpus relief as the conviction under which he is currently restrained is not void and has not expired.

The determination of whether to grant habeas corpus relief is a question of law. As such, we will review the habeas corpus court's findings *de novo* without a presumption of correctness. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State,* 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State,* 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn.1993); *Poets v. State,* 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *See Taylor,* 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton,* 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor,* 955 S.W.2d at 83).

However, if after a review of the habeas petitioner's filings the habeas corpus court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. T .C.A. § 29-21-109; *State ex rel. Byrd v. Bomar,* 381 S.W.2d 280 (Tenn. 1964). Further, a habeas corpus court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the

judgment to indicate that the convictions addressed therein are void. *Passarella v. State,* 891 S.W.2d 619 (Tenn. Crim. App. 1994), *superceded by statute as stated in State v. Steven S. Newman,* No. 02C01-9707-CC-00266 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

The Petitioner is not entitled to habeas corpus relief. It is well-settled that "habeas corpus relief is not available for expired sentences that are used solely to enhance a subsequent conviction." *See Paul Wilson v. Stephen Dotson, Warden,* No. W2005-02317-CCA-R3-HC (Tenn. Crim. App., at Jackson, May 4, 2006), *perm. to appeal denied,* (Tenn. Sept. 25, 2006). Indeed, in *Hickman v. State,* 153 S.W.3d 15, 23 (Tenn. 2004), our supreme court explained:

> A person is not "restrained of liberty" for purposes of the habeas corpus statute unless the challenged judgment itself imposes a restraint upon the petitioner's freedom of action or movement. Use of the challenged judgment to enhance the sentence imposed on a separate conviction is not a restraint on liberty sufficient to permit a habeas corpus challenge to the original conviction long after the sentence on the original conviction has expired.

In *Benson v. State*, Benson pleaded guilty to several offenses in 1993. *Benson*, 153 S.W.3d 27, 32 (Tenn. 2004). All of the 1993 convictions were ordered to be served concurrently for an effective sentence of eight years. These convictions were later used to enhance Benson's status to a career offender on a subsequent conviction. In 2002, Benson filed a habeas corpus petition, alleging that three of these 1993 offenses were committed while he was released on bail. Pointing to Tennessee Code Annotated section 40-20-111(b) and Tennessee Rule of Criminal Procedure 32(c)(3)(C), Benson claimed that the trial court was required to impose consecutive sentences. Because the concurrent sentences were illegally imposed, Benson argued that the judgments were void and he should be allowed to withdraw his guilty pleas. The supreme court held that Benson was not presently "imprisoned or restrained of liberty" by any of the 1993 convictions because the sentences complained of were served and expired before Benson filed a habeas corpus petition to challenge them. *Benson,* 153 S.W.3d at 32. We are unable to distinguish the present challenge to either the supreme court's ruling in *Benson* or the supreme court's precedent in *Hickman.*

The Petitioner is not currently restrained of his liberty as a result of the convictions of which he now complains. He is not entitled to habeas corpus relief from a sentence fully served. Rather, a petitioner may only seek habeas corpus relief "when the challenged judgment itself imposes a restraint upon the petitioner's freedom of action or movement." *Hickman*, 153 S.W.3d at 22.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is

affirmed in accordance with Rule 20 , Rules of the Court of Criminal Appeals.

_____
**ALAN E. GLENN, JUDGE**

4